PER CURIAM.
This disciplinary proceeding is before us on the complaint of The Florida Bar and the report of the referee recommending that respondent be disbarred, with no opportunity to apply for readmission to The Florida Bar for a period of twenty years. The Florida Bar has not petitioned for review, and the respondent has failed to appear or file a response. We have jurisdiction. Art. V, § 15, Fla. Const.
The alleged misconduct concerns the respondent’s involvement in several fraud schemes. In one elaborate scheme, respondent, with others, incorporated a non-existent bank. Using cashier’s checks purportedly issued by this bank, the respondent made deposits in another bank. Because of fraudulent representations made to the second bank, respondent was then permitted to withdraw $24,100 on these deposits. In a civil suit resulting from this scheme, the respondent, when deposed under oath, attempted to mislead the court and further defraud the opposing party by denying all involvement in the check scheme. In a second fraud scheme, respondent, as agent for an alleged client, was entrusted by a Turkish citizen with $110,000 worth of Turkish currency, which respondent represented would be exchanged for American dollars. Respondent gave the Turkish citizen checks written on a non-existent bank, and when discovered, refused to aid in the recovery of the Turkish currency and denied any involvement in the scheme. In a third fraud scheme, respondent was involved in the purchase of $146,610 worth of diamonds, which were paid for with a check drawn on a non-existent bank. Respondent has refused to acknowledge this transaction and has failed to return the diamonds or tender proper payment. In a fourth scheme, respondent represented a client seeking a dissolution of marriage and permanent resident status in the United States. This client gave respondent $22,500 to invest for her. To date, the client has received nothing for the investment and is still without permanent residence status. Another client, represented by respondent in a dissolution proceeding, paid respondent $2,500 in legal fees, to be refunded if the client’s husband was ordered to pay such fees. Although respondent received approximately $2,000 from the client’s husband, he has refused to reimburse the client as agreed. In another check scheme, respondent deposited a $25,000 check in his personal bank account. After making two substantial withdrawals, respondent closed his account and caused his whereabouts to be unknown. It was then discovered that the check used to deposit the $25,000 was not genuine. Respondent has made no attempt to refund any of this $25,000. Finally, in unsolicited letters to foreign law firms, respondent represented that he could *2 improperly influence public officials, and stated that he possessed special competence in certain areas notwithstanding his non-designation in such areas.
The referee found respondent guilty of violating Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4), (5) and (6), 2-101(B)(5) and (7), 2-105(3), and 9-102(B)(4), and article XI, Rule 11.02(3) of the Integration Rule of The Florida Bar. Having so concluded, the referee recommended that respondent be disbarred and be precluded from applying for readmission to The Florida Bar for twenty years. We agree with this recommendation, and find, as the referee held, that respondent has violated the trust and confidence placed in him as a lawyer through misconduct which goes “to the very heart of a lawyer’s qualifications.” Although respondent has not been subject to any prior disciplinary actions, the cumulative nature of his activities documented here warrants his disbarment, effective immediately. Respondent may not apply for readmission to The Florida Bar for twenty years. Costs are assessed against respondent in the amount of $733.05.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON, McDonald and EHRLICH, JJ., concur.